THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Rahiem Kirkman, Appellant.
 
 
 

Appeal From Anderson County
 Alexander S. Macaulay, Circuit Court
 Judge

Unpublished Opinion No. 2011-UP-500
Submitted November 1, 2011  Filed
 November 9, 2011 

AFFIRMED

 
 
 
J. Falkner Wilkes, of Greenville, for Appellant.
Attorney General Alan M. Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Christina T.
 Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Rahiem Kirkman appeals his conviction for
 trafficking in cocaine, arguing the circuit court erred in denying his motion
 to suppress evidence seized as a result of an unlawful detention and search. 
 We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v.
 Tindall, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010) ("On appeals
 from a motion to suppress based on Fourth Amendment grounds, [an appellate
 court] applies a deferential standard of review and will reverse if there is
 clear error."); Illinois v. Caballes, 543 U.S. 405, 409 (2005)
 ("[T]he use of a well-trained narcotics-detection dog . . . [,] performed
 on the exterior of [a driver's] car while he [is] lawfully seized for a traffic
 violation[,] . . . does not rise to the level of a constitutionally cognizable
 infringement."); State v. Morris, Op. No. 4872 (S.C. Ct. App. refiled
 Nov. 2, 2011) (Shearouse Adv. Sh. No. 39 at 18, 26) (holding that an officer
 may search any part of a vehicle without a warrant if there is probable cause); State v. Brown, 389 S.C. 473, 482, 698 S.E.2d 811, 816 (Ct. App. 2010)
 ("Probable cause to search exists where the known facts and circumstances
 are sufficient to warrant a man of reasonable prudence in the belief that
 contraband or evidence of a crime will be found in a particular place.").
AFFIRMED.
FEW,
 C.J., THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.